No.  95-142

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

IN RE THE CUSTODY OF:
JESSICA EVANS, a minor child.

DAVE EVANS,

      Petitioner and Appellant,

and

KIM CHAVEZ,

      Respondent and Respondent.

**FILED**

FEB 6 – 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:  District Court of the Twenty-first Judicial
District, In and for the County of Ravalli,
The Honorable Jeffrey Langton, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Dave D. Evans, pro se, Miles City, Montana

    For Respondent:

        Philip J. O'Connell, Missoula, Montana


Submitted on Briefs:  January 11, 1996

Decided:  February 6, 1996

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

Dave Evans appeals a child custody decision of the Twenty-first Judicial District Court, Ravalli County. We affirm.

Evans claims the District Court erred by failing to adopt the recommendations in the custody evaluation by David Stube; by ignoring the evidence of child abuse, substance abuse, and violation of previous visitation orders; and by relying upon Cindy Miller's custody recommendation.

Jessica Evans was born on February 11, 1993. Her parents, Dave Evans and Kim Chavez, neither married nor lived together. Since her birth, Jessica has lived with her mother. Evans has visited Jessica for several days at a time.

In this action, Evans sought to have physical custody of Jessica placed with himself and his wife, Linda. He claimed that Chavez has physically abused Jessica.

The court ordered a home study and custody evaluation, and the parties stipulated that licensed clinical counselor David Stube would do the evaluation. Stube recommended in writing that Chavez be granted physical custody initially, with an eventual alternating custody arrangement. He recommended that both parents complete

2

parenting training with Cindy Miller, a clinical psychologist, and that Miller then monitor their progress. That recommendation was followed.

Cindy Miller testified that she had met with both Chavez and Evans and had observed an exchange of custody. She reported that Jessica is well bonded to Chavez and less well bonded to Evans.

In its findings, the court set forth the results of the custody evaluation and the recommendations of David Stube. It then stated that it found Miller's testimony "the most insightful and credible testimony presented." The court found that Chavez had demonstrated a willingness to abide by the visitation schedule, and that Evans had not fully utilized his visitation time. It found that Evans' allegations of abuse had been investigated by local law enforcement and the Department of Family Services but that there was no record that either agency found any substance to the allegations. The court found that Evans had failed to substantiate his allegations that Chavez physically abused Jessica. It took notice of both parents' recent criminal convictions for trafficking in dangerous drugs. The court found that Jessica's best interests would be served if she was placed in the joint care, custody and control of her parents, with Chavez as her primary custodian.

Our standard of review is whether the findings of fact are clearly erroneous. In re Marriage of Dreesbach (1994), 265 Mont. 216, 220-21, 875 P.2d 1018, 1021. The findings must be based upon substantial credible evidence in the record, and the court's decision will be upheld unless a clear abuse of discretion is

3

shown. In re Marriage of Zuelke (Mont. 1995), ___ P.2d ___, ___, 52 St.Rep. 1225, 1226. Where there is conflicting evidence, this Court will not reweigh the evidence; the finder of fact (in this case, the District Court) is in the best position to resolve conflicting factual testimony. In re Marriage of Boyer (Mont. 1995), ___ P.2d ___, ___, 52 St.Rep. 1233, 1235.

After reviewing the record, we conclude that the court did not err in relying heavily on Miller's opinion and in failing to adopt in their entirety the custody recommendations in Stube's written report. Further, the claims that the court ignored the evidence of physical and substance abuse and problems with visitation are refuted by the findings addressed to those issues. Those findings are supported by substantial credible evidence in the record.

Evans has not shown the findings to be clearly erroneous. We affirm the decision of the District Court.

_____
Chief Justice

We concur:

_____

_____

_____
Justices

4